Chief Justice Robertson
delivered the opinion of the court.
On a warrant against James L. Brass-field and Absalom Adams, William. Baugh and Sarah Gates, obtained a judgment for $43, in commonwealth bank notes, with interest from the 22d of August, 1827, on the following note, with the following endorsements upon it:
“This shall oblige either of us, our heirs, &c. to pay William Baugh, and Sarah Gates seventy dollars lawful money, on or before the 25th of December, 1819, it being for value received of us, as witness our hands and seals this 30th day of December, 1818.
JAMES L. BRASSFIELD, (seae.)
ABSALOM ADAMS, (seal.)
November 29th, 1822. Received the principal of the within note in commonwealth’s paper.
WILLIAM BAUGH.
$12 commonwealth paper, paid 4th Sept. 1823.”'
On an appeal by Brassfield alone to the circuit court, a jury found a verdict for only “83 cents 7 mills.” The circut court having overruled a motion for a new trial, rendered judgment on the verdict.
We shall not now enquire whether the obligation is several or joint and several; nor whether the judgment by the justice was for too much, or was erroneous because it was for bank paper; nor whether it was allowable for Brassfield alone to appeal. None of these points were presented in the circuit court; and none of them, except the last, have been presented in this court; and as we do not consider it to have been the duty of the circuit court to have dismissed the appeal, ex officio, we will not express our opinion on the right of Brass-field alone to appeal. If, however, these points or any of them should ever occur in a tangible form, there will not, we presume, be much difficulty in knowing what disposition to make of them.
^ , ^ dn_ dorsed on a note, may be
Turner, for plaintiffs.
Whether or not the circuit court erred in overruling the motion for a new trial, will depend on the effect of the credits endorsed on the note. Only one witness was examined on the trial; and he swore that the payment for which the principal credit was endorsed, was made in two notes on the bank of the commonwealth; one for $50 and the other for $20, which were worth when paid, .§35 in specie; and that they were paid by Brassfield, and were received by Baugh, not at their nominal, but real value.
We need not decide whether, without any explanation aliunde, the proper construction of the endorsement would be, that the amount of the note, or $70, had been received in banknotes of the like denomiaation. The expression “the principal has been received” is awkward and ambiguous, when connected with theexprcssion “in commonwealth’s paper.” If the parties had intended that the commonwealth’s paper, which had been received, should pay the whole amount of the principal, a simple credit for $70, without specifying in what it had been received, or how paid, would have been the appropriate endorsement. By adding “in commonwealth’s notes” it is not improbable that the parties meant that the nominal amount of the note had been paid in bank notes of an equal denomination, thereby intending to show, that the difference between the value of that denomination and $70 still remained due. We admit however, that the proper effect of the credit is not clearly shown by the endorsement.
But as the endorsement can be considered only as a receipt, and especially as the endorsement is itself somewhat ambiguous, the parol evidence, in explanalion of it, was admissible. That evidence is perfectly satisfactory, and shows that only $35 had been paid November, 1822. As there was no evidence of any other payment than the two endorsed, the necessary consequence is, that the circuit court erred in withholding a new trial.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.